IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

TRAVIS R. PHILLIPS,
                Plaintiff,

-vs-                                                    Case No. A-14-CA-054-SS

JPMORGAN CHASE BANK, N.A.,
                Defendant.

_____

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss [#5], to which pro se Plaintiff Travis Phillips has not responded. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is a suit to stop a foreclosure on the real property located at 2803 Hubbard Circle, Austin, Texas 78746. Phillips apparently purchased the property in 1988 via a mortgage loan currently assigned to JPMorgan. Phillips eventually defaulted, and unsuccessfully sought to modify his mortgage. JPMorgan ignored or declined Phillips' requests, and subsequently noticed the property for foreclosure. Phillips responded by filing suit in Texas state court, arguing a consent decree between JPMorgan and the Office of the Comptroller of the Currency (OCC) obligated JPMorgan to review his modification requests. The state court granted a temporary restraining order to prevent the foreclosure. JPMorgan subsequently removed the case to this Court on the basis of diversity jurisdiction, and now moves to dismiss.

Analysis

I.     **Motion to Dismiss—Rule 12(b)(6)—Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of

which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. Application

As an initial matter, the Court GRANTS JPMorgan's motion to dismiss as unopposed because Phillips has failed to timely respond in any manner. *See* Local Rule CV-7(e)(2). Alternatively, the Court briefly addresses the merits of the motion.

Phillips primarily argues the consent decree entitled him to "meaningful assistance and information concerning loan modifications," which JPMorgan allegedly failed to provide. Not. of Removal [#1-5], Ex. A2 (Orig. Pet.) ¶ 6. Phillips does not allege—nor could he—he is a party to the consent decree between JPMorgan and the OCC. As a non-party to the consent decree, Phillips has no legal ability to enforce it. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975); *Shatteen v. JP Morgan Chase Bank, N.A.*, 519 F. App'x 320, 321 (5th Cir. 2013) (unpublished) (holding homeowner "has no standing to enforce consent decrees to which she is not a party"); *Bagala v. Bank of Am.*, No. H-13-0160, 2013 WL 4523562, at *2 (S.D. Tex. Aug. 27, 2013) (granting motion to dismiss claims seeking to enforce consent judgment between Bank of America and the Government); *Pachecano v. JPMorgan Chase Bank Nat'l Ass'n*, No. SA-11-CV-805-DAE, 2013 WL 45208530, at *13 (W.D. Tex. Aug. 26, 2013) (granting summary judgment in favor of bank and holding homeowner lacked standing to enforce consent decree between banks and Government). Phillips therefore fails to state a claim to enforce (or for violation of) the consent decree.

The only other semblance of a cause of action apparent from the face of Phillips' petition is an allegation JPMorgan failed to comply with the Texas Property Code by providing a notice of sale

before giving Phillips twenty days to cure his default. However, the notice of sale attached to Phillips' petition set a sale date twenty-eight days after the date on the notice of acceleration. The notice of acceleration reminded Phillips of his right to reinstate the loan pursuant to the Deed of Trust. Phillips does not allege he was capable of reinstating the loan, and his allegations further show he had more than twenty days to do so before the foreclosure sale was scheduled to occur. Additionally, because Phillips's lawsuit prevented the sale from going forward, any controversy with respect to the timing of the notices has been mooted.

## Conclusion

Phillips has failed to state any claim upon which relief can be granted, and has not shown himself entitled to any relief in either law or equity. Additionally, because Phillips has shown no interest in prosecuting his case beyond making his initial filing, the Court declines to grant leave to amend. Accordingly,

IT IS ORDERED that Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss [#5] is GRANTED;

IT IS FURTHER ORDERED that all claims brought by Plaintiff Travis Phillips in the above-styled cause are DISMISSED WITHOUT PREJUDICE.

SIGNED this the 3rd day of March 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE